ACCEPTED
12-17-00346-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/29/2017 2:54 PM
Pam Estes
CLERK

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

11/29/2017 2:54:07 PM

PAM ESTES
Clerk

In the Court of Appeals for the

Twelfth District Court of Appeals

No. 12-17-00346-CV

| | |
|---|---|
| Ex Parte<br>Jordan Bartlett Jones | On Appeal from<br>County Court at Law Two<br>Smith County, Texas<br><br>Trial Court<br>Cause No. 67295 |

Amended Brief for Appellant

*Appellant requests oral argument.*

Mark W. Bennett
TBN 00792970
Bennett & Bennett
917 Franklin Street
Fourth Floor
Houston, Texas 77002
Tel. 713.224.1747
Email MB@IVI3.com

Mishae M. Boren
TBN 24097504
216 W. Erwin St. Suite 300
Tyler, Texas 75702

Counsel for Appellant
November 29, 2017

## Statement Regarding Oral Argument

The issue of the unconstitutionality of statutes such as section 21.16(b) that criminalize the nonconsensual publication of intimate images—"revenge porn" statutes—is one of nationwide interest and great importance. Appellant requests oral argument pursuant to Texas Rule of Appellate Procedure 39.7.

## Names of All Parties

| | |
|---|---|
| Mr. Jordan Bartlett Jones | Appellant |
| Mark W. Bennett<br>TBN 00792970<br>Bennett & Bennett<br>917 Franklin Street<br>Fourth Floor<br>Houston, Texas 77002<br><br>Mishae M. Boren<br>TBN 24097405<br>Boren Law Office, P.C.<br>216 W. Erwin St. Suite 300<br>Tyler, Texas 75702 | Trial and Appellate Counsel<br>for Appellant |
| Kevin Hayes<br>Michael J. West<br>100 North Broadway Avenue<br>4th Floor<br>Tyler, Texas 75702 | Trial and Appellate Counsel for<br>Appellee |
| Hon. Randall Rogers | Trial Judge |

# Table of Contents

Statement Regarding Oral Argument ........................ ii

Names of All Parties.......................................... iii

Table of Contents .............................................1

Table of Authorities...........................................1

Statement of the Case .........................................1

Procedural History ............................................1

Issues Presented ............................................ 2

Statement of Facts ..........................................2

Summary of the Argument ................................. 2

Argument.................................................... 3

Point of Error One: Section 21.16(b) is facially
overbroad under the First Amendment to the
United States Constitution. ............................... 3

Strict Scrutiny is the appropriate standard of
review. ...................................................... 4

The statute restricts speech............................ 5

The statute restricts speech based on its
content...................................................... 6

The statute is presumed to be
unconstitutional. ......................................... 9

The statute restricts protected speech. .............. 9

The statute's overbreadth is real and
substantial................................................. 11

The statute fails strict scrutiny. ...................... 13

Conclusion ................................................ *16*

Point of Error Two: If the statute is interpreted narrowly not to be overbroad, such interpretation will render it unconstitutionally vague. .............................................. 17

Prayer for Relief ............................................ 18

Certificate of Service ..................................... 19

Certificate of Compliance ................................. 19

Appendix 1: *Order* denying habeas relief. ................... 20

Appendix 2: Texas Penal Code section 21.16 ............... 22

Appendix 3: Senate Research Center, Bill Analysis, Tex. S.B. 1135, 84th Leg., R.S. (2015) ....................... 25

# Table of Authorities

## CASES

Ashcroft v. ACLU, 542 U.S. 656 (2004) ............................................5

Baggett v. Bullitt, 377 U.S. 360 (1964) ........................................... 17

Brown v. Entm't Merchants Ass'n, 564 U.S. 786 (2011) ....................10

City of Cincinnati v. Discovery Network, Inc., 507 US 410 (1983) ........7

Clark v. State, 665 S.W.2d 476 (Tex. Crim. App. 1984) ......................5

Cohen v. California, 403 U.S. 15 (1971) ..........................................10

Erznoznik v. City of Jacksonville, 422 U.S. 205 (1975) .......................6

Ex parte Lo, 424 S.W.3d 10 (Tex. Crim. App. 2013) ................7, 10, 13

Ex Parte Reece, 517 S.W.3d 108 (Tex. Crim. App. 2017)................... 16

Ex Parte Thompson, 442 S.W.3d 325 (Tex. Crim. App. 2014) 6, 7, 9, 13

Grayned v. City of Rockford, 408 U.S. 104 (1972) ........................... 17

Hill v. Colorado, 530 U.S. 703 (2000) ..............................................8

NAACP v. Button, 371 U.S. 415 (1963) ........................................... 17

Reed v. Town of Gilbert, 476 U.S. ___, 135 S.Ct. 2218 (2015) ...........8

Reedy v. Webb, 113 S.W.3d 19 (Tex. App.—Tyler 2002, pet. denied)............................................................................ 11

Reno v. American Civil Liberties Union, 521 U.S. 844 (1997) ............ 17

Sable Communications of Cal. v. FCC, 492 U.S. 115 (1989) .............. 11

Scott v. State, 322 S.W.3d 662 (Tex. Crim. App. 2010) ................... 10

United States v. Alvarez, 567 U.S. 709 (2012) ........................... 5, 10

Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455
U.S. 489 (1982) ....................................................... 17

Ward v. Rock Against Racism, 491 U.S. 781 (1989) ................... 7, 9, 17

## STATUTES

Tex. Penal Code § 21.16(b) ......................................passim

## OTHER AUTHORITIES

Senate Research Center, Bill Analysis, Tex. S.B. 1135, 84th Leg.,
R.S. (2015) .........................................................14

| | On Appeal from |
|---|---|
| | County Court at Law Two |
| Ex Parte | Smith County, Texas |
| Jordan Bartlett Jones | |
| | Trial Court |
| | Cause No. 67295 |

Amended Brief for Appellant

To the Honorable Court of Appeals:

## Statement of the Case

Jordan Bartlett Jones appeals the trial court's denial of relief on the merits on his *Amended Application for Writ of Habeas Corpus* (Clerk's Record (CR) 35).

❧

## Procedural History

The State has charged Mr. Jones by *Information* with violating section 21.16(b) of the Texas Penal Code. Clerk's Record ("CR") 10. On September 6, 2017, Mr. Jones filed an *Application for Writ of Habeas Corpus* arguing that section 21.16(b) is unconstitutional on its face (CR 6). On October 23, 2017 the trial court denied relief (CR 19). Mr. Jones appealed.

1

## Issues Presented

**First Issue:** Section 21.16(b) is facially overbroad under the First Amendment to the United States Constitution.

**Second Issue:** Section 21.16(b) is vague under the First Amendment to the United States Constitution.

## Statement of Facts

The operative facts are procedural, and are as stated in the *Procedural History*. Because this is a facial challenge, the underlying facts are not relevant.

## Summary of the Argument

Section 21.16(b) is a content-based restriction on speech, and so is presumptively unconstitutional under the First Amendment. Its overbreadth is real and substantial, and so it does not satisfy strict scrutiny.

If section 21.16(b) could somehow be interpreted to avoid its real and substantial overbreadth, such an interpretation would necessarily render it unconstitutionally vague.

## Argument

### Point of Error One: Section 21.16(b) is facially overbroad under the First Amendment to the United States Constitution.

Mr. Jones is charged with

> without the effective consent of [the complainant], intentionally disclos[ing] visual material, namely, a photograph, depicting the complainant with her naked genitals exposed, and the visual material was obtained by the defendant under circumstances in which the complainant had a reasonable expectation of privacy that the visual material would remain private, and the disclosure of the visual material caused harm to the complainant, namely, embarrassment to [the complainant], and the disclosure of the visual material revealed the identity of the complainant, through accompanying or subsequent information provided by the defendant.

*Clerk's Record* ("CR") 12. This alleges a violation of Section 21.16(b) of the Texas Penal Code:

> A person commits an offense if:
> (1) without the effective consent of the depicted person, the person intentionally discloses visual material depicting another person with the person's intimate parts exposed or engaged in sexual conduct;
> (2) the visual material was obtained by the person or created under circumstances in which the depicted person had a reasonable expectation that the visual material would remain private;

3

(3) the disclosure of the visual material causes harm to the depicted person; and

(4) the disclosure of the visual material reveals the identity of the depicted person in any manner....

Tex. Penal Code § 21.16(b). Section 21.16(b) is a content-based restriction on speech. Because it is a content-based restriction on speech Section 21.16(b) is presumptively invalid under the First Amendment. The State has the burden of showing that the statute meets strict scrutiny. That is, the State must show that the statute is both necessary and narrowly written to satisfy a compelling state interest. The State cannot do so.

## Strict Scrutiny is the appropriate standard of review.

As a general matter, government may not regulate speech "because of its message, its ideas, its subject matter, or its content." *Police Dept. of City of Chicago v. Mosley*, 408 U.S. 92, 95 (1972).

The modern approach to First Amendment challenges to speech-restricting penal statutes is a three-step inquiry:

1. *Does the statute restrict speech (including expressive conduct) based on its content?* If the answer is "yes," then the statute is presumed to be unconstitutional, the State has the burden of proving otherwise, and the court must ask...

2. *Does the restricted speech fall entirely into a category of unprotected speech?* If the statute forbids *only* unprotected speech, the First

4

Amendment is satisfied. If, however, the statute captures protected speech along with unprotected speech, then…

3. *Does the statute satisfy strict scrutiny?* That is, is it necessary and narrowly written to satisfy a compelling state interest?

*See United States v. Alvarez*, 567 U.S. 709 (2012) (applying this approach to the Stolen Valor Act). This—strict scrutiny, with a presumption of invalidity (and a burden, concomitant with this presumption, on the State, *Ashcroft v. ACLU,* 542 U.S. 656, 660 (2004)) is the appropriate standard of review.

❧

## The statute restricts speech.

"A statute is considered impermissibly overbroad if, in addition to prescribing activities which may constitutionally be forbidden, it sweeps within its coverage *speech or conduct* which is protected by the First Amendment." *Clark v. State*, 665 S.W.2d 476, 482 (Tex. Crim. App. 1984) (emphasis added).

The disclosure of visual materials—"showing images to people"—is so obviously speech governed by the First Amendment that no court appears to have ever seriously asked the question, rather assuming that it is the case. Expressive conduct, also known as "symbolic speech," is protected like any other kind of speech.

5

Photography and visual recordings are inherently expressive conduct. *Ex Parte Thompson*, 442 S.W.3d 325, 348 (Tex. Crim. App. 2014).

If making a photograph or visual recording is inherently expressive, then disclosing (as alleged here) such expression is itself expressive conduct. If this were not so, then picture books and magazines would not be speech, paintings would not be speech, and silent movies would not be speech.

Cases such as *Erznoznik v. City of Jacksonville*, 422 U.S. 205, 212 (1975), or the child-pornography cases, reveal that not only the disclosure of visual materials, but also the disclosure of intimate visual materials—nude pictures and movies—is speech.[1]

❧

## The statute restricts speech based on its content.

There are two sorts of restriction on speech: content-based restrictions, and content-neutral restrictions. Content-neutral restrictions are also known as "time, place, and manner" restrictions. They must, among other things, be "justified without reference to the

---

[1] Some of it—child pornography and obscenity— is unprotected speech, but it is speech nonetheless.

content of the regulated speech." *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989).

Because Section 21.16(b) restricts inherently expressive conduct, it is either content based or content neutral, and is subject to strict scrutiny unless it is a content-neutral restriction. *Ex Parte Thompson*, 442 S.W.3d at 345.

## Because the Statute Fails the *Lo* Test it is Content Based.

The Texas Court of Criminal Appeals has held:

> If it is necessary to look at the content of the speech in question to decide if the speaker violated the law, then the regulation is content-based.

*Ex Parte Lo*, 424 S.W.3d 10, 15 n.12 (Tex. Crim. App. 2013); *Ex Parte Thompson*, 442 S.W.3d at 345.

The United States Supreme Court has described this test as "common sense." *City of Cincinnati v. Discovery Network, Inc.*, 507 US 410, 429 (1983).

This Court may simply apply the *Lo* test, recognize that it is necessary to look at the content of the speech (the visual material) to decide if the speaker violated the law, and find the statute content based.

7

The statute satisfies other tests of content basedness as well.

❧

Because the statute discriminates on the basis of subject matter it is content based.

A statute is content based if it favors some speech over other speech based on its subject matter. *Hill v. Colorado*, 530 U.S. 703, 723 (2000).

Section 21.16(b) restricts the disclosure of "visual material depicting another person with the person's intimate parts exposed or engaged in sexual conduct," but not the disclosure of other things. This is a subject-matter-based restriction.[2] Tex. Penal Code § 21.16(b).

Section 21.16(b)'s restriction on speech is content based because it favors some speech over other speech based on its subject matter ("visual material depicting another person with the person's intimate parts exposed or engaged in sexual conduct"), *Hill*, 530 U.S. at 723, its topic (sexually explicit images), *Reed v. Town of Gilbert*, 135 S.Ct. 2218, 2227 (2015), and its function (causing harm), *Id.*

---

[2] If this were not a content-based restriction, or if images of intimate parts were constitutionally unprotected, the State could write a statute forbidding the publication of all pornography, and the statute would only have to satisfy intermediate scrutiny.

Section 21.16(b) is not "justified without reference to the content," *Ward*, 491 U.S. at 791, and so is not content neutral but rather content based.

ॐ

## The statute is presumed to be unconstitutional.

"Content-based regulations are presumptively invalid, and it is rare that a regulation restricting speech because of its content will ever be permissible." *Ex Parte Thompson*, 442 S.W.3d at 348.

ॐ

## The statute restricts protected speech.

If section 21.16(b) restricted only unprotected speech, it would be a valid restriction. But the Supreme Court has recognized only nine categories of speech unprotected by the First Amendment:

- Advocacy intended, and likely, to incite imminent lawless action;
- Obscenity;
- Defamation;
- Speech integral to criminal conduct;
- So-called "fighting words";
- Child pornography;
- Fraud;
- True threats; and

9

- Speech presenting some grave and imminent threat the government has the power to prevent, "although," says the Supreme Court, "a restriction under the last category is most difficult to sustain."

*Alvarez*, 132 S.Ct. at 2544. All speech falling outside of these categories is protected, and "new categories of unprotected speech may not be added to the list by a legislature that concludes certain speech is too harmful to be tolerated." *Brown v. Entm't Merchants Ass'n*, 564 U.S. 786, 791 (2011).

Notably absent from this list of categories of speech unprotected by the First Amendment is anything even remotely resembling:

- Violations of the subject's privacy;[3]
- Images of intimate parts;[4]
- Images of sexual conduct;[5]

---

[3] The State will inevitably cite *Scott v. State*, 322 S.W.3d 662 (Tex. Crim. App. 2010) and *Cohen v. California*, 403 U.S. 15 (1971) for the proposition that "essentially intolerable" invasions of privacy are unprotected. *Scott* and *Cohen* are off point, since both dealt with invasions of the privacy of the *hearer* of the speech, not of its *subject*.

[4] *In Ex parte Lo*, the Court of Criminal Appeals struck down section 33.021(b) of the Texas Penal Code, which prohibited communicating online in a sexually explicit manner with a minor. *Ex parte Lo*, 424 S.W.3d 10. The court initially pointed out that such a statute would bar the protected content of modern movies or television shows—visual material—then struck down the statute because of its overbreadth in attempting to proscribe protected speech. Id.

10

- Speech causing harm;[6] or
- Any combination of these things.

Images of another, even of their intimate areas, even if made when the other person reasonably expected privacy and causing harm, fall into no recognized category of unprotected speech, and so are protected. Because disclosure of protected images is protected regardless of the emotional harm done, section 21.16(b) is unconstitutional.

❧

## The statute's overbreadth is real and substantial.

Because section 21.16(b) is a content-based restriction on speech, it is subject to strict scrutiny, and is presumptively invalid. The State has the burden of overcoming this presumption by showing that the overbreadth is not substantial, and cannot do so.

The State cannot rebut the presumption of unconstitutionality because virtually everything forbidden by section 21.16(b) is protected

---

[5] Sexual expression is generally private. Yet the court in *Ex parte Lo* followed the Supreme Court's principle that "Sexual expression which is indecent but not obscene is protected by the First Amendment." *Sable Communications of Cal. v. FCC*, 492 U.S. 115, 126 (1989).

[6] Defamation is speech causing harm, but it is not actionable unless it is false. *Reedy v. Webb*, 113 S.W.3d 19, 23 (Tex. App.—Tyler 2002, pet. denied). The speech restricted by section 21.16(b) is true by definition.

11

by the First Amendment. Images and visual recordings do not become unprotected because they depict intimate areas or are made in private places. They do not become unprotected because they are made in violation of someone's expectation of privacy. Nor do they become unprotected because they are intended to invade that privacy.

Some of the speech forbidden by section 21.16(b) might incidentally fall into a category of unprotected speech — it might be obscenity, or child pornography, or part of a true threat — but the bulk of images and visual recordings will not.

All speech that does not fall into a recognized category of historically unprotected speech is protected. The illegitimate sweep of section 21.16(b) is the rule, rather than the exception: Unless the images or recordings forbidden by the statute happen to be child pornography or obscenity, they are protected.

Because no recognized category of unprotected speech covers the speech forbidden by section 21.16(b), the statute's overbreadth is real and substantial, and the statute must fail.

❧

## The statute fails strict scrutiny.

Because section 21.16(b) restricts speech based on its content, and because Section 21.16(b) forbids some protected speech, this Court must apply strict scrutiny, which section 21.16(b) fails. Satisfying strict scrutiny is the State's burden. *Ex Parte Lo*, 424 S.W.3d at 15. "[W]hen a statute is content based, it may be upheld only if it is the least restrictive means of achieving the compelling government interest in question." *Ex Parte Thompson*, 442 S.W.3d at 348.

The State cannot meet its burden of showing that Section 21.16(b) satisfies strict scrutiny: that it is necessary and narrowly written to satisfy a compelling state interest.

❧

## There is no compelling state interest.

The State has no compelling interest in forbidding constitutionally protected speech, no matter how offensive the speech. We are allowed to violate each other's privacy, even if we embarrass each other, as long as our speech is otherwise not constitutionally protected.

> In recent years, there has been a disturbing Internet trend of sexually explicit images disclosed without the consent of the depicted person, resulting in immediate and in many cases, irreversible harm to the victim. Victims' images are often posted

with identifying information such as name, contact information, and links to their social media profiles. The victims are frequently threatened with sexual assault, harassed, stalked, fired from jobs, and forced to change schools. Some victims have even committed suicide.

In many instances, the images are disclosed by a former spouse or partner who is seeking revenge. This practice has been commonly referred to as "revenge pornography" by the media. To add insult to injury, "revenge porn websites" are further preying on victims by charging fees to remove the sexually explicit images from the internet.

Senate Research Center, Bill Analysis, Tex. S.B. 1135, 84th Leg., R.S. (2015).

It bears mentioning that the specific harm alleged in this case is "embarrassment." CR 10.

The disclosure of sexually explicit images (other than obscenity or child pornography) is constitutionally protected speech. Nothing in the Supreme Court's First Amendment jurisprudence suggests that the disclosure of sexually explicit images becomes unprotected because it is without consent or because it causes "irreversible harm." There can be no compelling state interest in restricting constitutionally protected speech.

❧

14

The statute has a narrow legitimate sweep.

The legitimate sweep of a content-based restriction comprises the unprotected speech — that is, speech that falls into one of the few narrowly drawn categories of historically unprotected speech — that is forbidden by the statute.

Speech does not become unprotected simply because it might cause harm, simply because it causes harm, nor even simply because it causes horrific unintended results.

The legitimate sweep of section 21.16(b) — speech that is unprotected and that violates the statute — is only incidentally forbidden. This comprises a) obscenity; and b) child pornography. That is, some of the speech forbidden by the statute may be obscene, and some of it may be child pornography, but the statute does not target such unprotected speech.

❧

The statute is not narrowly written.

Because the disclosure of sexually explicit images, even without consent and even when it causes harm, is protected by the First Amendment, section 21.16(b) is not narrowly written to restrict only unprotected speech.

The statute is not necessary.

Because the disclosure of sexually explicit images, even without consent and even when it causes harm, is protected by the First Amendment, section 21.16(b) is not necessary.

## Conclusion

Section 21.16(b) interdicts wide swaths of protected speech. Disclosure of visual material involving intimate areas or sexual conduct can harass, annoy, alarm, abuse, torment, and embarrass.[7] But the State's desire to prevent emotional harm of all sorts[8] cannot trump the First Amendment. Section 21.16(b) is substantially overbroad.

---

[7] *See Scott. v. State,* 322 S.W.3d 662, 669 (Tex. Crim. App. 2010) (describing these types of emotional distress as "harm").

[8] The State certainly cannot prevent emotional harm without running afoul of the First Amendment — "Criticism can be annoying, embarrassing, or alarming, and it is often intentionally so." *Ex Parte Reece,* 517 S.W.3d 108, 111 (Tex. Crim. App. 2017) (Keller, P.J., dissenting from refusal of discretionary review).

## Point of Error Two: If the statute is interpreted narrowly not to be overbroad, such interpretation will render it unconstitutionally vague.

Due process requires that laws give people of ordinary intelligence fair notice of what is prohibited. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). The lack of such notice in a law that regulates expression "raises special First Amendment concerns because of its obvious chilling effect on free speech." *Reno v. American Civil Liberties Union*, 521 U.S. 844, 872 (1997). Vague laws force potential speakers to "steer far wider of the unlawful zone … than if the boundaries of the forbidden areas were clearly marked." *Baggett v. Bullitt*, 377 U.S. 360, 372 (1964) (internal quotation marks and citations omitted).

While "perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity," *Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989), "government may regulate in the area" of First Amendment freedoms "only with narrow specificity." *NAACP v. Button*, 371 U.S. 415, 433 (1963); see also *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982).

Section 21.16(b) as written is plain and overbroad. If this Court were to narrow its interpretation to save it from overbreadth, such an interpretation would necessarily render it unconstitutionally vague.

৯

## Prayer for Relief

For these reasons, Mr. Jones asks this Court to reverse the trial court's denial of habeas relief, hold that section 21.16(b) is unconstitutional, and remand the case to the trial court with orders to dismiss the *Information*.

Respectfully Submitted,

Mark W. Bennett
Counsel for Appellant

## Certificate of Service

A copy of this *Brief for Appellant* has been served upon the State of Texas by electronic filing.

## Certificate of Compliance

According to Microsoft Word's word count, this brief contains 2,808 words, not including the: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

_____
Mark W. Bennett

**Appendix 1: *Order* denying habeas relief.**

Cause No. 67295-A

THE STATE OF TEXAS § IN THE COUNTY COURT

§ AT LAW NUMBER TWO

JORDAN BARTLETT JONES § SMITH COUNTY, TEXAS

## ORDER

The Court, after review of the Defendant's application for habeas relief, the State's answer, and the file, finds and determines that there are no controverted previously unresolved facts material to the legality of the defendant's restraint or confinement, and that the legal procedures in this case were proper and as provided by the United States Constitution and Texas law.

It is hereby ORDERED that the Defendant's application for habeas relief is DENIED in all things.

SIGNED this _____ day of _____, 2017.

OCT 2 5 2017

_____
HONORABLE RANDALL LEE ROGERS
Judge, County Court at Law #2
Smith County, Texas

COUNTY COURT AT LAW #2

CC: m. Bora
CC: m. West



## Appendix 2: Texas Penal Code section 21.16

Sec. 21.16.  UNLAWFUL DISCLOSURE OR PROMOTION OF INTIMATE VISUAL MATERIAL.

(a)  In this section:

(1)  "Intimate parts" means the naked genitals, pubic area, anus, buttocks, or female nipple of a person.

(2)  "Promote" means to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise or to offer or agree to do any of the above.

(3)  "Sexual conduct" means sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse.

(4)  "Simulated" means the explicit depiction of sexual conduct that creates the appearance of actual sexual conduct and during which a person engaging in the conduct exhibits any uncovered portion of the breasts, genitals, or buttocks.

(5)  "Visual material" means:

(A)  any film, photograph, videotape, negative, or slide or any photographic reproduction that contains or incorporates in any manner any film, photograph, videotape, negative, or slide;  or

(B)  any disk, diskette, or other physical medium that allows an image to be displayed on a computer or other video screen and any image transmitted to a computer or other video screen by telephone line, cable, satellite transmission, or other method.

(b)  A person commits an offense if:

(1)  without the effective consent of the depicted person, the person intentionally discloses visual material depicting another person with the person's intimate parts exposed or engaged in sexual conduct;

(2) the visual material was obtained by the person or created under circumstances in which the depicted person had a reasonable expectation that the visual material would remain private;

(3) the disclosure of the visual material causes harm to the depicted person; and

(4) the disclosure of the visual material reveals the identity of the depicted person in any manner, including through:

(A) any accompanying or subsequent information or material related to the visual material; or

(B) information or material provided by a third party in response to the disclosure of the visual material.

(c) A person commits an offense if the person intentionally threatens to disclose, without the consent of the depicted person, visual material depicting another person with the person's intimate parts exposed or engaged in sexual conduct and the actor makes the threat to obtain a benefit:

(1) in return for not making the disclosure; or

(2) in connection with the threatened disclosure.

(d) A person commits an offense if, knowing the character and content of the visual material, the person promotes visual material described by Subsection (b) on an Internet website or other forum for publication that is owned or operated by the person.

(e) It is not a defense to prosecution under this section that the depicted person:

(1) created or consented to the creation of the visual material; or

(2) voluntarily transmitted the visual material to the actor.

(f) It is an affirmative defense to prosecution under Subsection (b) or (d) that:

(1) the disclosure or promotion is made in the course of:

(A)  lawful and common practices of law enforcement or medical treatment;

(B)  reporting unlawful activity; or

(C)  a legal proceeding, if the disclosure or promotion is permitted or required by law;

(2)  the disclosure or promotion consists of visual material depicting in a public or commercial setting only a person's voluntary exposure of:

(A)  the person's intimate parts; or

(B)  the person engaging in sexual conduct; or

(3)  the actor is an interactive computer service, as defined by 47 U.S.C. Section 230, and the disclosure or promotion consists of visual material provided by another person.

(g)  An offense under this section is a Class A misdemeanor.

(h)  If conduct that constitutes an offense under this section also constitutes an offense under another law, the actor may be prosecuted under this section, the other law, or both.

## Appendix 3: Senate Research Center, Bill Analysis, Tex. S.B. 1135, 84th Leg., R.S. (2015)

BILL ANALYSIS

Senate Research Center
S.B. 1135

By: Garcia et al.

Criminal Justice

7/2/2015

Enrolled

AUTHOR′S / SPONSOR′S STATEMENT OF INTENT

In recent years, there has been a disturbing Internet trend of sexually explicit images disclosed without the consent of the depicted person, resulting in immediate and in many cases, irreversible harm to the victim. Victims′ images are often posted with identifying information such as name, contact information, and links to their social media profiles. The victims are frequently threatened with sexual assault, harassed, stalked, fired from jobs, and forced to change schools. Some victims have even committed suicide.

In many instances, the images are disclosed by a former spouse or partner who is seeking revenge. This practice has been commonly referred to as ″revenge pornography″ by the media. To add insult to

injury, "revenge porn websites" are further preying on victims by charging fees to remove the sexually explicit images from the internet.

S.B. 1135 preserves relationship privacy by providing victims both civil and criminal remedies when these intimate images are disclosed in a nonconsensual manner and cause harm to the depicted person.

S.B. 1135 amends current law relating to the civil and criminal liability for the unlawful disclosure or promotion of certain intimate visual material and creates an offense.

RULEMAKING AUTHORITY

This bill does not expressly grant any additional rulemaking authority to a state officer, institution, or agency.

SECTION BY SECTION ANALYSIS

SECTION 1. Requires that this Act be known as the Relationship Privacy Act.

SECTION 2. Amends Title 4, Civil Practice and Remedies Code, by adding Chapter 98B, as follows:

CHAPTER 98B. UNLAWFUL DISCLOSURE OR PROMOTION OF INTIMATE VISUAL MATERIAL

Sec. 98B.001. DEFINITIONS. Defines "intimate parts," "promote," "sexual conduct," "visual material," and "intimate visual material."

Sec. 98B.002. LIABILITY FOR UNLAWFUL DISCLOSURE OR PROMOTION OF CERTAIN INTIMATE VISUAL MATERIAL. (a) Provides that a defendant is liable, as provided by this chapter, to a person depicted in intimate visual material for damages arising from the disclosure of material if:

(1) the defendant discloses the intimate visual material without the effective consent of the depicted person;

(2) the intimate visual material was obtained by the defendant or created under circumstances in which the depicted person had a reasonable expectation that the material would remain private;

(3) the disclosure of the intimate visual material causes harm to the depicted person; and

(4) the disclosure of the intimate visual material reveals the identity of the depicted person in any manner, including through:

(A) any accompanying or subsequent information or material related to the intimate visual material; or

(B) information or material provided by a third party in response to the disclosure of the intimate visual material.

(b) Provides that a defendant is liable, as provided by this chapter, to a person depicted in intimate visual material for damages arising from the promotion of the material if, knowing the character and content of

the material, the defendant promotes intimate visual material described by Subsection (a) on an Internet website or other forum for publication that is owned or operated by the defendant.

Sec. 98B.003. DAMAGES. (a) Requires that a claimant who prevails in a suit under this chapter be awarded:

(1) actual damages, including damages for mental anguish;

(2) court costs; and

(3) reasonable attorney's fees.

(b) Authorizes a claimant who prevails in a suit under this chapter to recover exemplary damages, in addition to an award under Subsection (a).

Sec. 98B.004. INJUNCTIVE RELIEF. Authorizes a court in which a suit is brought under this chapter, on the motion of a party, to issue a temporary restraining order or a temporary or permanent injunction to restrain and prevent the disclosure or promotion of intimate visual material with respect to the person depicted in the material.

(b) Authorizes a court that issues a temporary restraining order or a temporary or permanent injunction under Subsection (a) to award to the party who brought the motion damages in the amount of:

(1) $1,000 for each violation of the court's order or injunction, if the disclosure or promotion of intimate visual material is wilful or intentional; or

(2) $500 for each violation of the court's order or injunction, if the disclosure or promotion of intimate visual material is not wilful or intentional.

Sec. 98B.005. CAUSE OF ACTION CUMULATIVE. Provides that the cause of action created by this chapter is cumulative of any other remedy provided by common law or statute.

Sec. 98B.006. JURISDICTION. Provides that a court has personal jurisdiction over a defendant in a suit brought under this chapter if:

(1) the defendant resides in this state;

(2) the claimant who is depicted in the intimate visual material resides in this state;

(3) the intimate visual material is stored on a server that is located in this state; or

(4) the intimate visual material is available for view in this state.

Sec. 98B.007. LIBERAL CONSTRUCTION AND APPLICATION; CERTAIN CONDUCT EXCEPTED. (a) Requires this chapter to be liberally construed and applied to promote its underlying purpose to

protect persons from, and provide adequate remedies to victims of, the disclosure or promotion of intimate visual material.

(b) Provides that this chapter does not apply to a claim brought against an interactive computer service, as defined by 47 U.S.C. Section 230, for a disclosure or promotion consisting of intimate visual material provided by another person.

SECTION 3. Amends Chapter 21, Penal Code, by adding Section 21.16, as follows:

Sec. 21.16.  UNLAWFUL DISCLOSURE OR PROMOTION OF INTIMATE VISUAL MATERIAL. (a) Defines "intimate parts," "promote," "sexual conduct," "simulated," and "visual material."

(b) Provides that a person commits an offense if:

(1) without the effective consent of the depicted person, the person intentionally discloses visual material depicting another person with the person's intimate parts exposed or engaged in sexual conduct;

(2) the visual material was obtained by the person or created under circumstances in which the depicted person had a reasonable expectation that the visual material would remain private;

(3) the disclosure of the visual material causes harm to the depicted person; and

(4) the disclosure of the visual material reveals the identity of the depicted person in any manner, including through:

(A) any accompanying or subsequent information or material related to the visual material; or

(B) information or material provided by a third party in response to the disclosure of the visual material.

(c) Provides that a person commits an offense if the person intentionally threatens to disclose, without the consent of the depicted person, visual material depicting another person with the person's intimate parts exposed or engaged in sexual conduct and the actor makes the threat to obtain a benefit:

(1) in return for not making the disclosure; or

(2) in connection with the threatened disclosure.

(d) Provides that a person commits an offense if, knowing the character and content of the visual material, the person promotes visual material described by Subsection (b) on an Internet website or other forum for publication that is owned or operated by the person.

(e) Provides that it is not a defense to prosecution under this section that the depicted person:

(1) created or consented to the creation of the visual material; or

(2) voluntarily transmitted the visual material to the actor.

(f) Provides that it is an affirmative defense to prosecution under Subsection (b) or (d) that:

(1) the disclosure or promotion is made in the course of:

(A) lawful and common practices of law enforcement or medical treatment;

(B) reporting unlawful activity; or

(C) a legal proceeding, if the disclosure or promotion is permitted or required by law;

(2) the disclosure or promotion consists of visual material depicting in a public or commercial setting only a person's voluntary exposure of the person's intimate parts or the person engaging in sexual conduct; or

(3) the actor is an interactive computer service, as defined by 47 U.S.C. Section 230, and the disclosure or promotion consists of visual material provided by another person.

(g) Provides that an offense under this section is a Class A misdemeanor.

(h) Authorizes the actor to be prosecuted under this section, the other law, or both, if conduct that constitutes an offense under this section also constitutes an offense under another law.

SECTION 4. (a) Provides that Chapter 98B, Civil Practice and Remedies Code, as added by this Act, applies only to a cause of action that accrues on or after the effective date of this Act. Provides that a cause of action that accrues before the effective date of this Act is governed by the law in effect immediately before that date, and that law is continued in effect for that purpose.

(b) Provides that Section 21.16, Penal Code, as added by this Act, applies to visual material disclosed or promoted, or threatened to be disclosed, on or after the effective date of this Act, regardless of whether the visual material was created or transmitted to the actor before, on, or after that date.

SECTION 5. Effective date: September 1, 2015.